# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CR-06-0207-HE |
| ) | |
| RAYNE ALISA OSBORN, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant Osborn has moved for a reduction in her sentence pursuant to 18 U.S.C. §3582(c). The requested reduction is based on Amendment 750 to the U. S. Sentencing Guidelines, which reduces the guidelines for certain offenses where the guideline range was based on crack cocaine. The government joins in the motion.

Defendant was originally sentenced to 108 months imprisonment. That sentence was reduced in 2008 to 96 months, based on an earlier change to the sentencing guidelines. The parties now agree that, after giving effect to the recent amendments and the statutory minimum applicable to the offense of conviction, defendant's revised guideline range would be 60-71 months. Based on that, plus a proportionate calculation using the court's earlier sentence and the then-applicable guidelines, the parties essentially seek reduction to time served.[1]

The court is unpersuaded that a further reduction in sentence is appropriate. The sentencing guidelines were advisory at the time defendant was originally sentenced, hence

---

[1] Defendant has now served approximately 62 and ½ months.

a reduction in the guidelines does not force the conclusion that the court's original assessment of the §3553 factors was in error or that some reduction, proportionate or otherwise, is now necessary. Further, as noted above, the court has already reduced defendant's sentence once based on changes to the crack cocaine guidelines. At that time, the court explicitly declined to reduce the sentence to the bottom of the adjusted guideline range, noting that the original sentence was "heavily influenced by the fact that defendant had engaged in an ongoing series of drug transactions accompanied by, or facilitated by, trafficking in firearms." Order, May 20, 2008 [Doc. #44]. Those factors are no less applicable today and are inconsistent with the parties' suggestion that a proportionate change, based purely on the guidelines, should occur.

After again evaluating the §3553 factors as applied to this defendant, and doing so in light of the earlier reduction and both the positive factors and limiting factors considered at that time, the court concludes that no further reduction in sentence is appropriate.[2] The motion for sentence reduction [Doc. #47] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of November, 2011.

                                                        /s/ Joe Heaton
                                                        JOE HEATON
                                                        UNITED STATES DISTRICT JUDGE

---

[2]*The court has considered defendant's conduct while in custody of the Bureau of Prisons. Her record is generally positive but does include two disciplinary incidents at or about the time of the court's earlier sentence reduction. The court concludes that this factor, while favorable to defendant, does not justify a change in the sentence previously imposed.*